```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

DEBORAH KENNEY,

        Plaintiff,

v.                                         Civil Action No. 5:11CV29
                                                               (STAMP)

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

## MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I.  Procedural History

      The plaintiff, Deborah E. Kenney, filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI").  In the application, the plaintiff alleged disability since May 30, 2005 because of severe impairments and symptoms associated with coronary artery disease, diabetes mellitus, hypertension, morbid obesity and degenerative disc disease of the spine which she claimed seriously restricted her ability to stand, sit, walk and participate generally in all activities "which she would be compelled to engage in while performing any work of whatever nature."  See Pl.'s Compl. p. 2 ¶ 7.

      The Social Security Administration denied the plaintiff's application initially and on reconsideration.  The plaintiff requested a hearing, and a hearing was held before Administrative Law Judge ("ALJ") Timothy C. Pace on September 17, 2009.  The

plaintiff, represented by counsel, testified on her own behalf, as did a vocational expert. At the hearing, the plaintiff amended her date of onset to February 21, 2006. The ALJ issued a decision finding that the plaintiff was not disabled under the Social Security Act as she was capable of performing her previous work as a telemarketer. The Appeals Council denied the plaintiff's request for review.

The plaintiff then filed a request for judicial review of the ALJ's decision in this Court. The case was referred to United States Magistrate Judge David J. Joel for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. On August 26, 2011, the magistrate judge entered a report and recommendation recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, and that the ruling of the Commissioner be affirmed. Upon submitting his report, Magistrate Judge Joel informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report. The magistrate judge further informed the parties that failure to timely object would result in a waiver of the right to appeal a judgment resulting from the report and recommendation. The plaintiff did not file objections.

II.  Applicable Law

As there were no objections filed to the magistrate judge's recommendation, his findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Additionally, because no party filed objections to the report and recommendation, thus, the plaintiff waived her right to appeal from a judgment of this Court based thereon. Thomas v. Arn, 474 U.S. 140, 148-53 (1985).

III.  Discussion

The plaintiff points to three points of error that she believes warrant overturning the ALJ's decision, and the defendant has responded to each in turn. First, she claims that there are multiple points in the transcript of the ALJ proceedings where the evidence that was presented at the hearing is inaudible, thus rendering baseless the ALJ's conclusions. In response to this allegation of error, the defendant argues that, while portions of the transcript are indeed inaudible, these portions do not effect the legitimacy of the ALJ's decision as the transcript contains more than a sufficient amount of audible evidence of the plaintiff's previous job requirements and her physical ailments. Additionally, the defendant argues that the ALJ cites to evidence beyond the testimony presented at the hearing, thus further supporting the basis for his decision.

Secondly, the plaintiff argues that the ALJ did not afford her attorney the opportunity at the hearing to present evidence on her

behalf as to material bases for the ALJ's decision. The defendant argues that this allegation is without support in the transcript of the ALJ proceedings. He points out that the plaintiff's attorney did not object to the ALJ's request to place evidence on the record, nor did he ever indicate that he wished to present further evidence or ask for an extension of time to file further evidence. The defendant also states that the plaintiff's attorney did not ask to question the plaintiff directly.

Finally, the plaintiff claims that the ALJ gave too much weight to her credibility and was conclusory about his opinion that she was not credible with regard to her testimony about her pain and limitations. She argues that the ALJ did not point to a basis for his skepticism of the same. In rebuttal, the defendant argues that, on the contrary, the ALJ gave sufficient legal basis for his belief that the plaintiff was not entirely credible as to her assessment of the pain, persistence and limiting effects of her ailments. He argues that the ALJ pointed to the plaintiff's lack of compliance with medical treatment, a gap in treatment history and a lack of cooperation with the hearing process, as well as medical evidence that did not support the testimony given by the plaintiff.

An ALJ's findings will be upheld if supported by substantial evidence. See <u>Milburn Colliery Co. v. Hicks</u>, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" <u>Hays v.</u>

Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'"  Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).  Magistrate Judge Joel issued a report and recommendation, in which he held that substantial evidence exists to support the ALJ's conclusions.

The magistrate judge reviewed the ALJ's discussion by addressing each of the plaintiff's three assignments of error.  As for the inaudible portions of the transcript, Magistrate Judge Joel concluded that the inaudible portions are harmless with regard to the basis for the ALJ's decision because the ALJ relied upon other evidence from the record independent of the testimony given at the hearing in order to form a basis for his opinion.  The magistrate judge noted that if the ALJ's decision had relied upon the unintelligible transcript, such a fact would be a basis for remand.  However, in this case, the ALJ cited to contact made with the plaintiff on different occasions, during which he obtained the exact information that is unintelligible in the transcript.

The magistrate judge next addressed the plaintiff's assertion that the ALJ did not permit her attorney to present evidence on her behalf.  Magistrate Judge Joel found no basis for this contention in the record.  He pointed to portions of the hearing transcript

which provide evidence of the ALJ asking plaintiff's attorney for any objections, and responses in the negative. Additionally the magistrate judge makes reference to that fact that the plaintiff's attorney never made any attempts in the record to present evidence, and never responded to questions posed by the ALJ nor asked for clarification of the testimony given at the hearing.

Finally, Magistrate Judge Joel addressed the plaintiff's arguments regarding the basis for the ALJ's credibility determination. As to this charge, the magistrate judge found that substantial evidence was presented by the ALJ his conclusion on this issue. Magistrate Judge Joel addressed the reasons given for the ALJ's conclusion that the plaintiff was not entirely credible, and pointed out that all of the reasons given are supported by evidence from within the record. The magistrate judge also concluded that, based upon the evidence given in support of the determination, he could not make a finding that the ALJ's credibility determination was "patently wrong."

The plaintiff did not file objections to the magistrate judge's report and recommendation.

This Court has reviewed the record, as well as the parties' motions for summary judgment, and for the reasons set forth in the report and recommendation, concurs with the magistrate judge that the Commissioner's decision denying the plaintiff's application for Disability Insurance Benefits and Supplemental Security Income

is supported by substantial evidence.  Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

## IV.  Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge.  The defendant's motion for summary judgment is GRANTED, and the plaintiff's motion for summary judgment is DENIED.  The decision of the Commissioner is hereby AFFIRMED.  It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:    September 15, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE